US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 0 2 2011

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| JOYCE HOLMAN | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 11-5052 |
| | ) | |
| v. | ) | |
| | ) | |
| National Enterprise Systems, | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| | ) | |
| Defendants. | ) | (Unlawful Debt Collection Practices) |

## COMPLAINT

COMES NOW the Plaintiff, JOYCE HOLMAN, by and through her attorney, Jennifer Lueker DuCharme of the Wayne Young Law Firm, and for its Complaint against National Enterprise Systems ("NES"), state and allege as follows:

### JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C § 1692(k) (d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, and 28 U.S.C. § 1367, which grants this court supplemental jurisdiction over the state claims contained therein.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") as well as Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

3. Defendant conducts business in the state of Arkansas, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

1

**PARTIES**

5.  Plaintiff is a natural person residing in Rogers, Benton County, Arkansas. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.  Defendant is a debt collection company with its principal place of business located at 29125 Solon Road, Solon, Ohio. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(6), and sought to collect a consumer debt from Plaintiffs.

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

8.  These allegations involve a debt that was allegedly incurred by Plaintiff on or before July 13, 2009.

9.  On July 29, 2009, Plaintiff mailed a letter to the original creditor, GE Money Bank, advising them that all further communication should be in the form of written correspondence only, thereby revoking any previous consent for the creditor or its agents or assigns to contact her via telephone.

10. On or about March 2, 2010, Plaintiff received a letter from Defendant which demanded payment for an alleged "debt" as defined by 15 U.S.C. § 1692(a)(5), which had been consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

11. Defendant represented it had been retained to collect an account, but failed to conspicuously identify the original creditor of the account. Defendant's letter also did not clearly identify the original account number. Defendant's letter was misleading, as ambiguously listed multiple account numbers as well as multiple entities which made it difficult for Plaintiff to discern from its composition the name of the original creditor or the account number that was in question.

12. The language in this correspondence is misleading in that it made demand for payment, which overshadowed the required language allowing thirty days to dispute the validity of the debt.

2

13. On or about March 2, 2010, Plaintiff received a call on her home telephone number from an unknown caller. When she picked up the phone, she received an automated message stating that "…important that we speak with you. We will be with you shortly. Thank you." She then heard an approximate five (5) second pause before a person picked up the line.

14. The person identified himself as "Michael Still with NES." Mr. Still advised Plaintiff that he was calling due to some paperwork he received on her social security number, for an attempt to collect a debt.

15. Plaintiff explained that she had just received the letter from NES and had not had an opportunity to read or respond to it. Mr. Still interrupted Plaintiff and stated "No ma'am! Listen! I'm explaining what's going on because this is being *signed off on today*."

16. When Plaintiff requested an explanation for "signed off on," Mr. Still stated that "they put in the recommendation that further action be filed on against you." Plaintiff again advised that she had just received the written correspondence today. Mr. Still stated that "we were advised they've been calling you before."

17. Plaintiff advised that did not know of such calls. In response, Mr. Still stated, "it should have been an automatic dialer on your voicemail."

18. Mr. Still stated "we're wrapping up these accounts." Plaintiff again advised that she had just gotten the letter and had not had the opportunity to open it. Mr. Still rudely told Plaintiff to "open it now." Plaintiff explained that she is aware that she has thirty days to respond to dispute and/or request validation of the debt and that she intended to do so. Mr. Still interrupted Plaintiff and stated, "No, Ma'am. I don't care what letter you have…." Plaintiff then discontinues the conversation.

19. On or about March 3, 2010, Plaintiff receives the following voicemail on her home telephone number: "Joyce, this is Michael Still with NES. Uh, I need a return call on 1-800-260-5834, direct extension 1165." Mr. Still did not advise that this call was made in an attempt to collect a debt.

Attorney for Plaintiff has confirmed that this number is a telephone number belonging to Defendant NES.

20. On or about March 4, 2010, Plaintiff receives another call from Mr. Still with NES. When Plaintiff answers, Mr. Still states, "Mrs. Holman, this is Michael Still, um calling you back. I spoke with you yesterday." Plaintiff advised Mr. Still that he had not spoken to her the previous day because she had been at a funeral. Mr. Still again attempted to collect the debt. Mr. Still did not immediately advise that this communication is in an attempt to collect a debt. Plaintiff again advised that she intended to request verification of the debt. Mr. Still continued collection activities, overshadowing Plaintiff's right to dispute the debt.

21. On or about March 5, 2010, Plaintiff received a call from a person identifying herself as "Shereesh Williams from National Enterprise Systems." Ms. Williams stated that this was an attempt to collect a debt. Plaintiff informed Ms. Williams that she had already received multiple calls from an NES agent. Ms. Williams stated, "we have no control over how many time we call your number...(unintelligible)...our dialer." Plaintiff advised that she did not want to be called anymore. She stated that all further communication should be in writing. Ms. Williams asked Plaintiff if she wanted to pay, thereby overshadowing Plaintiff's right to validate the debt.

22. On March 7, 2010, Plaintiff mailed a letter via certified mail, return receipt requested, demanding validation of the debt. Plaintiff's demand requested documentation to verify the debt, as the NES collection letter was vague regarding the identity of the original creditor.

23. On March 11, 2010, Plaintiff received confirmation from the United States Postal Service that her letter had been received by NES.

24. Defendant NES never validated the debt as required by law and has provided Plaintiff no documentation substantiating its claim.

25. Defendant NES never filed a law suit as suggested by its agent, Mr. Still.

4

26. Defendant NES, by and through its agents, consistently and repeatedly overshadowed the written notice granting my client thirty days to dispute the validity of the debt by demanding payment immediately.

27. Defendant NES, by and through its agents, were rude and disrespectful to Plaintiff.

28. Defendant's harassing and threatening telephone calls caused undue emotional distress to Plaintiff, particularly as they came at a time when she had suffered the death of her nephew. Since that time, Plaintiff has continued to suffer undue emotional distress, as the unsupported debt has been reported to collection agencies.

## COUNT I
### DEFENDANT VIOLATED THE
### FAIR DEBT COLLECTIONS PRACTICES ACT

29. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated the FDCPA generally;

   b. Harassing, oppressing or abusing Plaintiff with the collection of a debt, in violation of 15 U.S.C. § 1692(d);

   c. Using obscene or profane language or language the natural consequence of which is to abuse the hearer, in violation of 15 U.S.C. § 1692(2);

   d. Using false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692(e);

   e. Falsely representing the character, amount or legal status of a debt, in violation of 15 U.S.C. §1692(e)(2);

   f. Threatening to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. §1692(e)(5);

   g. Using false representations or deceptive means to collect or attempt ot collect a debt, in violation of 15 U.S.S. §1692 (f);

    h.   By failing to provide verification of the alleged debt;

    i.   By overshadowing Plaintiff's right to dispute the debt;

    j.   By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA;

30. As a result of Defendant's aforementioned violations, Plaintiff has suffered and continues to suffer emotional distress.

31. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

32. Upon information and belief, at all times relevant hereto, Defendant used, controlled and or operated "automatic telephone dialing systems" as defined by § 227(a)(1) of the TCPA.

33. Defendant initiated at least four (4) telephone calls to Plaintiff's telephone line using artificial and or prerecorded voices to deliver messages without the express consent of Plaintiff, n violation of 47 U.S.C. §227(b)

34. That these calls were made subsequent to Plaintiff's express written directive advising that she did not consent to such phone calls.

35. The acts and or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense justification or legal excuse.

36. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and reasonable attorney's fees and costs.

## COUNT III
## DEFENDANT VIOLATED THE
## ARKANSAS DECEPTIVE TRADE PRACTICES ACT

6

37. Defendant's actions constitute unfair or deceptive trade practices within the meaning of the Arkansas Deceptive Trade Practices Act, as defined by A.C.A. § 4-88-101 *et seq.*

38. Plaintiff is entitled to recover actual damages and reasonable attorneys' fees and costs.

39. Plaintiff is entitled to injunctive relief against the Defendant and all others acting in concert with them, enjoying abusive debt collection practices which are directed against Arkansas residents.

## COUNT IV
## RESPONDEAT SUPERIOR LIABILITY

40. The acts and omissions of NES employees, described further herein, were committed within the time and space limits of their relationship with their principal, Defendant NES>

41. Defendant authorized and ratified the tortuous conduct of the individual collectors and agents through various means, including the acceptance of fees and monies generated by the collectors' activities.

42. The acts and omissions by NES employees and agents were incidental to, or of the same general nature as, the responsibilities agents were authorized to perform by Defendant NES in collecting consumer debts. Therefore, the illegal actions of the collectors were fully within the scope of their employment by Defendant.

43. In committing these acts and omissions against Plaintiff, NES employees and agents were motivated to benefit their principal, Defendant NES.

44. Defendant NES had a duty to ensure that debt collection activities undertaken by the employees and agents of NES were conducted within the bounds of the law.

45. Defendant NES knew or should have known these actions taken by NES and NES employees described herein were tortuous and violated the FDCPA, the TCPA, and the Arkansas Deceptive Trade Practices Act.

## COUNT V
## NEGLIGENT HIRING, RETENTION AND SUPERVISION

46. Defendant NES negligently hired persons of dubious character to perform collection activities.

7

47. Defendant NES negligently failed to adequately supervise the individual collectors.

48. Defendant NES negligently retained individual collectors who repeatedly violated consumer protection laws.

49. Defendant NES therefore breached the duty to ensure debt collection activities undertaken by its employees and agents were in compliance with all consumer protection statutes and the common law.

50. Plaintiff suffered damages that were proximately caused by the Defendant's breach of that duty. Plaintiff is therefore entitled to recover compensatory damages.

WHEREFORE, Plaintiff, Joyce Holman, respectfully pray for judgment as follows:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and TCPA:

b. For actual and statutory damages for violations of the FDCPA and TCPA;

c. For actual damages for violations of the Arkansas Deceptive Trade Practices Act;

d. For damages under the doctrine of respondeat superior;

e. For compensatory damages for negligent hiring, supervision and retention;

f. For reasonable attorney's fees, witness fees, court costs and other litigation expenses incurred by Plaintiff;

g. And for all other just and appropriate relief deemed by this Court.


**JURY TRIAL DEMANDED**.

Respectfully Submitted,
Joyce Holman, Plaintiff

By: _____

Jennifer Lueker DuCharme
ABA No. 2007248
Wayne Young Law Firm, P.A.
3561 N. College Ave.
Fayetteville, AR 72703
PHONE: (479) 571-8696
FAX: (470) 571-8984
Email: jducharme@wayneyoung.com